**FILED**
**CLERK**

July 11, 2023

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ELVIS MENDOZA,

                          Plaintiff,

            v.

A.P.P.I. MANAGEMENT CORP. d/b/a AUFIERO
PAINTING INDUSTRIES, JOSEPH AUFIERO,
THOMAS AUFIERO, ANTHONY AUFIERO
and MICHAEL AUFIERO a/k/a MIKE AUFIERO,

                          Defendants.

-------------------------------------------------------------------X

**MEMORANDUM
AND ORDER**

22-cv-02179 (JMW)

**A P P E A R A N C E S:**

Amit Kumar, Esq,
LAW OFFICES OF WILLIAM CAFARO
108 West 39th Street, Ste. 602
New York, New York  10018
*Attorney for Plaintiff*

Richard Ziskin, Esq.
THE ZISKIN LAW FIRM, LLP
6268 Jericho Turnpike, Ste. 12A
Commack, New York  11725
*Attorney for Defendants*

**WICKS,** Magistrate Judge:

        Plaintiff Elvis Mendoza ("Mendoza"), worked as a laborer for Defendants who operated a

painting company in the New York metropolitan area.  Mendoza claimed in his complaint that he

worked for the Defendants from 2007 through March 2, 2022 as a "general laborer," working 55

hours per week and was paid a "day rate."  (DE 1.)  Plaintiff also claimed he did not receive an

annual wage notice when he first began working for the Defendants or since, and that he did not

receive wage statements.  (*Id.*)  This forms the basis for the claims alleging violations of the Fair

Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").  (*Id.*)  After an initial false

1

start at mediation (*see* DE 16), the parties participated in a settlement conference before the

undersigned (*see* Electronic Order dated June 6, 2023), which ultimately resulted in a settlement in

principle.  The parties thereafter finalized the written Settlement and Release Agreement

("Agreement")[1] and now move for approval pursuant to *Cheeks v. Freeport Pancake House, Inc.*,

796 F.3d 199, 206 (2d Cir. 2015).

 For the reasons that follow, the Agreement is hereby approved, and the motion (DE 29) is

granted.

## I.  THE LEGAL FRAMEWORK

 Federal Rule of Civil Procedure 41 provides, in relevant part, that:

> Subject to . . . any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>
>  (i) a notice of dismissal before the opposing party serves either an answer of a motion for summary judgment; or
>  (ii) a stipulation of dismissal signed by all parties who have appeared.

Fed. R. Civ. P. 41(a)(1)(A).

 In *Cheeks*, the Second Circuit held that the FLSA is an "applicable federal statute" under Rule 41

because of "the unique policy considerations underlying" the act.  796 F.3d at 206.  Such considerations

include the laudable aim of "'extend[ing] the frontiers of social progress by insuring to all our able-

bodied working men and women a fair day's pay for a fair day's work.'"  *Id*. (quoting *A.H. Phillips, Inc.

v. Walling*, 324 U.S. 490, 493 (1945)).  Accordingly, in this Circuit, Rule 41's "stipulated dismissals

settling FLSA claims with prejudice require the approval of the district court or the [Department of

Labor] to take effect."  *Id*.

 "Generally, if the proposed settlement reflects a reasonable compromise over contested issues,

the settlement should be approved" by the reviewing court.  *Ceesae v. TT's Car Wash Corp.*, 17 CV 291

---

[1] The fully executed Agreement appears at DE 29-1.

(ARR) (LB), 2018 WL 1767866, at *2 (E.D.N.Y. Jan. 3, 2018) (internal quotation marks and citation omitted) *report and recommendation adopted by* 2018 WL 741396 (Feb. 7, 2018).  In reviewing the reasonableness of the proposed settlement, courts consider the totality of the circumstances, including relevant factors such as:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (internal quotation marks and citations omitted).

> Factors weighing *against* settlement approval include:

> (1) the presence of other employees situated similarly to the claimant; (2) a likelihood that the claimant's circumstance will recur; (3) a history of FLSA non-compliance by the same employer or others in the same industry or geographic region; and (4) the desirability of a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.

*Id*. (internal quotation marks and citations omitted).

Even if an application of the *Wolinsky* Factors demonstrates that the agreement is reasonable, the court must also consider whether the settlement "complies with the Second Circuit's admonitions as articulated in *Cheeks*."  *Ezpino v. CDL Underground Specialists, Inc.*, 14-CV-3173 (DRH) (SIL), 2017 WL 3037483, at *1 (E.D.N.Y. June 30, 2017) (citation omitted), *report and recommendation adopted by* 2017 WL 3037406 (E.D.N.Y July 17, 2017).  Specifically, courts should guard against "highly restrictive confidentiality provisions," overbroad releases that "would waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues," and "a[ny] provision that would set the fee for plaintiff's attorney . . . without adequate documentation."  *Cheeks*, 796 F.3d at 206 (citation omitted).  Related to that final admonition, courts must also ensure that any attorney's fees provided for in the agreement are reasonable.  *See* 29 U.S.C. § 216(b) ("The Court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a *reasonable* attorney's fee to be paid by the defendant, and costs of the action.");  *see also*

*Ceesae*, 2018 WL 1767866 at *2 (noting that courts engaging in a *Cheeks* review must "evaluate[] the reasonableness of any attorney's fees included in the proposed settlement") (citing 29 U.S.C. § 216(b)).

Against this backdrop the Court reviews the Agreement.

## II.    DISCUSSION

### A.  The Fairness of the Agreement Reached Between the Parties

The parties agreed to settle all claims in exchange for Defendants' payment of $25,000, as follows:

> [T]he total gross sum of Twenty five Thousand Dollars ($25,000.00), which sum is inclusive of attorneys' fees and costs as follows:
>
> (a) One check payable to "Elvis Mendoza" in the amount of Fifteen Thousand Eight Hundred Eighty Four Dollars and Sixty Seven Cents ($15,884.67) from which no withholdings shall be taken, and which shall be reported on an IRS Form 1099; and
>
> (b) One check payable to "William Cafaro, PC" in the amount of Nine Thousand One Hundred Fifteen Dollars and Thirty Three Cents ($9,115.33), representing payment for Plaintiff's attorneys' fees and costs and from which no withholdings shall be taken, and which shall be reported on an IRS Form 1099.

 (DE 29-1 at ¶ 1.)

Plaintiff claimed he was owed a total of $77,624.42, inclusive of all liquidated damages. Therefore, in a settlement of $25,000.00, Plaintiff is recovering approximately 32% of Plaintiff's full damages in this case, *inclusive of liquidated and statutory damages*.  This negotiated settlement amount is a fair and reasonable compromise under the circumstances of this case.  Continued and further litigation would of course subject the parties to the time, expense and risk of ongoing litigation.  All parties are represented by counsel that have extensive experience in wage and hour litigation.  Moreover, the settlement agreement contains a release limited to wage and hour causes of action (*see* Agreement ¶ 9, DE 29-1) and does not contain any confidentiality provisions.

*Au fond*, the Agreement represents a reasonable compromise of the sharply disputed issues, and the negotiated settlement is best for all in light of the uncertain outcome of protracted litigation  In arriving at this conclusion, the Court has considered the following *Wolinsky* factors.

4

i.     _Plaintiff's Range of Possible Recovery_

Although Plaintiff claims entitlement to damages, Defendants counter that in fact he was properly compensated, and therefore not entitled to any damages whatsoever.  The settlement represents only 32% of  Mendoza's full claimed damages, inclusive of the liquidated and statutory damages that could be awarded if Plaintiff prevails at trial.  In light of the totality of the circumstances, the settlement amount represents a reasonable compromise of the _bona fide_ dispute in this matter.  The settlement eliminates risk and ensures the Plaintiff will receive a meaningful amount of wages due even after paying legal fees.  _See, Rodriguez-Hernandez v. K Bread & Co._, No. 15-cv-6848 (KBF), 2017 U.S. Dist. LEXIS 78034, at *10 (S.D.N.Y. May 23, 2017) (approving a settlement of 26% of potential damages given "bona fide disputes" between the parties and litigation risks).

ii.     _Avoidance of Anticipated Burdens and Expenses and Litigation Risk_

The Agreement averts the obvious time and expense of a jury trial.  The cost and expense to go forward would likely include motion practice, trial preparation, the trial, and likely appeal.  Those costs alone far outweigh the benefits that could be achieved even if Plaintiff prevails. Indeed, Plaintiff's maximum claimed recovery could very well be far less than expected since much of the case rests on the credibility of witnesses for each side.  In addition, questions were raised concerning collectability as Defendants had reported reduced revenue during the pandemic.

iii.     _Is the Agreement the Product of Arm's-Length Bargaining?_

The undersigned presided over the settlement conference, attended by all parties, each of whom was represented by very capable wage and hour counsel.  A "presumption of fairness, adequacy and reasonableness may attach to a settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery." _Wal-Mart Stores, Inc. v. Visa U.S.A., Inc._, 396 F.3d 96, 116 (2d Cir. 2005) (internal quotation marks omitted).  Under these circumstances it is beyond peradventure that the negotiated settlement was the by-product of an arm's length process.

iv.     *Any Badges of Fraud or Collusion?*

Nothing in the record, the submissions or in discussions during the settlement conference would even remotely indicate that this settlement was precipitated by reason of "overreaching" by the employer. Rather, deep discussions into the relative merits of the parties' positions led the parties to candidly assess their respective positions and attendant risks of proceeding through trial.   Furthermore, since Mendoza left the Defendants' employment prior to the commencement of the action, there is no indication of any undue influence exerted upon him in the workplace.

"Absent fraud or collusion, [courts] should be hesitant to substitute [their] judgment for that of the parties who negotiated the settlement." *In re EVCI Career Colls. Holding Corp. Sec. Litig.*, No. 05-CV-10240, 2007 WL 2230177, at *4 (S.D.N.Y July 27, 2007).   The Agreement was reached after the parties -- through counsel -- fully evaluated the strengths and weaknesses of the claims and defenses. No fraud or collusion could be discerned and as such, the Agreement should be approved.

**B.  Plaintiff Counsel's Attorney's Fees Are Reasonable**

Plaintiff's counsel is entitled to reasonable attorneys' fees.  Under the retainer agreement, Plaintiff's counsel would be entitled to a one-third fee on the gross recovery of $25,000.00, which equates to $8,333.33, plus out-of-pocket costs and disbursements in the amount of $782.00 (comprised of service and filing fees),[2] which total $9,115.33.

"In an FLSA case, the Court must independently ascertain the reasonableness of the fee request." *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 229–30 (S.D.N.Y. 2016) (citation omitted).  When considering applications for attorneys' fees, Courts employ the lodestar method. *Kazadavenko v. Atl. Adult Day Care Ctr. Inc.*, No. 21 CV 3284 (ENV) (LB), 2022 WL 2467541, at *4 (E.D.N.Y. Apr. 14, 2022).  The lodestar calculation, which is "the product of a reasonable hourly rate and the reasonable number of hours required by the case," "creates a

---

[2] These are reasonable out of pocket disbursements incurred by attorneys and ordinarily charged.  *See LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998).

presumptively reasonable fee." *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011).

Courts may also employ the "percentage of the fund" method which permits attorneys to recover a percentage of the settlement amount via a previously determined contingency fee. *McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417-19 (2d Cir. 2010). Courts in this Circuit routinely approve of one-third contingency fees for FLSA cases. *Lai v. Journey Preparatroy Sch., Inc.*, No. 19 CV 2970 (CLP), 2022 WL 3327824, at *3 (E.D.N.Y. May 26, 2022) ("With this method, courts in this Circuit have routinely found an award representing one-third of the settlement amount to be reasonable"); *Kazadavenko*, 2022 WL 2467541 at *4 (collecting cases). However, even where fees are reasonable when analyzed under the percentage method, courts will additionally perform a lodestar "cross-check" and "compare the fees generated by the percentage method with those generated by the lodestar method." *Mobley v. Five Gems Mgmt. Corp.*, No. 17-CV-9448 (KPF), 2018 WL 1684343, at *4 (S.D.N.Y. Apr. 6, 2018) (citations omitted).

Critically, in order to properly assess the fee application, the movant must submit adequate documentation supporting the requested attorneys' fees and costs. *Fisher v. SD Prot. Inc.,* 948 F.3d 593, 600 (2d Cir. 2020); *Wolinsky*, 900 F. Supp. 2d at 336 ("In the Second Circuit, that entails submitting contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done"). "[E]ven when the proposed fees do not exceed one third of the total settlement amount, courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees." *Navarro Zavala v. Trece Corp.*, No. 18-CV-1382 (ER), 2020 WL 728802, at *2 (S.D.N.Y. Feb. 13, 2020) (quotation and citation omitted).

In utilizing the lodestar approach, courts multiply the number of hours spent on a case by an attorney's reasonable hourly rate. *Millea*, 658 F.3d at 166. Here, Plaintiff's counsel expended 40.6 hours in the prosecution of this casebased upon Kumar's time records. *See* DE 29-2. His billing rate is $300 per hour. *Id.* That billing rate is well within the range of rates approved within this District. *See, e.g., Millea v. Metro-North R. Co*., 658 F.3d 154, 166 (2d Cir. 2011); *see, e.g., Li v. Chang Lung Grp.*

*Inc.*, No. 16 Civ. 6722 (PK), 2020 WL 1694356, at *15 (E.D.N.Y. Apr. 7, 2020) (noting that $300 to $450 is range of reasonable hourly rates for partners in FLSA cases within the Eastern District of New York); *Kliger v. Liberty Saverite Supermarket Inc*., No. 17-CV-2520 (FB) (ST), 2018 WL 4782342, at *9 (E.D.N.Y. Sept. 17, 2018), *report and recommendation adopted as modified*, 2018 WL 4783964 (E.D.N.Y. Oct. 3, 2018) (noting that the reasonable hourly rates for wage and hour cases in the district has been set at $300 to $400); *Torres v. Gristedes Operating Corp.*, No. 04-CV-3316 (PAC), 2012 U.S. Dist. LEXIS 127890, at *11 (S.D.N.Y. Aug. 6, 2012) (noting that courts in SDNY award hourly rates of $550 or more to "extraordinary attorneys held in unusually high regard by the legal community). At the requested rate, the total lodestar is $12,180.00, which is much higher than the requested fee.

In order to determine the quality of representation, courts also review, among other things, the recovery obtained and the backgrounds of the lawyers involved in the lawsuit." *Taft v. Ackermans*, No. 02-CV-7951, 2007 U.S. Dist. LEXIS 9144, at *31 (S.D.N.Y Jan. 31, 2007) (citing *In re Global Crossing and ERISA Litig.*, 225 F.R.D. 436 (S.D.N.Y. 2004)). Here, Kumar having been admitted for ten years, his experience and background justify the $300 per hourly rate. (*See* DE 29.)

Accordingly, the undersigned finds that the attorney's fees are reasonable and appropriate.

### III.    CONCLUSION

For the foregoing reasons, the motion to approve the Agreement (DE 29) is granted, and the parties are directed to file an executed Stipulation of Dismissal on or before July 28, 2023.

Dated:      Central Islip, New York
                 July 11, 2023

**SO ORDERED;**

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge